IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **MICHAEL NIKIETH MILES,** | : | |
| **Petitioner,** | : | |
| VS. | : | CIVIL NO.: 4:23-CV-59-CDL-MSH |
| **Warden TAMARSHE SMITH,** | : | |
| **Respondent.** | : | |

**ORDER**

Presently pending before the Court are several documents filed by *pro se* Petitioner Michael Nikieth Miles, an inmate in the Macon State Prison in Oglethorpe, Georgia, which appear to allege grounds for federal habeas corpus relief related to his conviction in the Superior Court of Muscogee, Georgia for murder, hijacking a motor vehicle, armed robbery, robbery, aggravated assault, and possession of a firearm during the commission of a crime. *See, e.g.,* Notice 1, ECF No. 1; Br. Supp. Pet. 2, ECF No. 7. Petitioner also seems to be seeking leave from this Court to file a second habeas petition. *See, e.g.,* Mot. Leave File Successive Pet. 1, ECF No. 2.

A review of this Court's records confirms that Petitioner has filed at least one previous federal habeas corpus petition challenging this same conviction. *See* Pet. 1, ECF No. 8 in *Miles v. Olens*, Case No. 4:12-cv-00132-CDL (M.D. Ga. June 21, 2012) ("*Miles I*"); Order 1, ECF No. 23 in *Miles I* (M.D. Ga. July 1, 2013) (adopting recommendation to dismiss petition). Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 105 and

106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

As Petitioner appears to acknowledge, any petition seeking substantive habeas corpus relief filed in this Court would be considered successive within the meaning of § 2244(b).  *See, e.g., Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the requirements for authorization under § 2244").  It does not appear, and Petitioner does not allege, that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition for his prior conviction.  Without such an order, the Court lacks jurisdiction to consider the successive claims.  *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).  To the extent Petitioner is seeking substantive habeas corpus relief, this case is therefore **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).  Petitioner's pending motion for a second or successive petition (ECF No. 2) is **DENIED as moot**, but the Clerk is **DIRECTED** to furnish Petitioner with the

application form required by the Eleventh Circuit.[1]

  **SO ORDERED**, this **18th** day of **May, 2023**.

           S/Clay D. Land
           CLAY D. LAND
           U.S. DISTRICT COURT JUDGE
           MIDDLE DISTRICT OF GEORGIA

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court does not need to address whether Petitioner has met the standards for issuance of a Certificate of Appealability.